IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORDELLRA MCCALEY**     **PLAINTIFF**

v.     No. 4:21-CV-00132-NBB-JMV

**WARDEN SIMON,**
**CAPTAIN MEEKS, and**
**C/O BUSBY**     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Cordellra McCaley, proceeding *pro se* and *in forma pauperis*, filed the instant suit against Defendants Warden Simon, Captain Meeks, and C/O Busby challenging the conditions of his confinement under 42 U.S.C. § 1983. Defendants have moved for summary judgement, arguing that Plaintiff failed to exhaust his administrative remedies before filing suit. McCaley has responded to the motion, and the matter is now ripe for resolution. For the reasons set forth below, the Court finds that Defendants' motion should be granted, and the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff's Allegations and Background Facts

McCaley, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), was housed at the Mississippi State Penitentiary at all times pertinent to this action. McCaley contends that, on October 4, 2021, a fellow inmate attacked him with a broomstick during shower call. According to McCaley, Defendants Captain Meeks and C/O Busby failed to prevent the attack and, once it began, failed to stop it.

McCaley filed the instant action on October 12, 2021, alleging that Defendants violated his constitutional rights in failing to protect him from the alleged attack. By way of relief, McCaley requests a non-specific award of monetary damages and additionally asks that he be

protected from any future inmate violence. On March 8, 2022, Defendants filed a motion for summary judgment, asserting that McCaley had failed to exhaust his administrative remedies prior to filing this action. McCaley filed his response to the motion on April 7, 2022.

## Summary Judgment Standard

Summary judgment is appropriate only when the pleadings and evidence, viewed in the light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and internal quotation mark omitted). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. In other words, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Beck*, 204 F.3d at 633. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73(1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron*

*U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). If no proof is presented, however, the Court does not assume that the non-movant "could or would prove the necessary facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Discussion

Because McCaley was incarcerated when he filed this action, the Prison Litigation Reform Act ("PLRA") applies to this case. *See* 28 U.S.C. § 1915A. The PLRA provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

The PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle*, 534 U.S.516, 524 (2002). The Fifth Circuit takes a "strict approach" to exhaustion, holding that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Moreover, prisoners must properly exhaust their administrative remedies before filing suit, which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function affectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S.81, 90-91 (2006).

MDOC has been granted the statutory authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, it has established an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. *See* Miss. Code Ann. § 47-5-

3

801.[1] The ARP process is a two-step process that begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty (30) days of the complained of incident. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The adjudicator, utilizing certain criteria, screens the grievance and determines whether to accept it into the ARP process. *Id.*

If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response. *Id.* Importantly, "[i]ssuance of a Second Step Response is the *only* way to complete the grievance process." *Harris v. Turner*, 2021 WL 1565790 (N.D. Miss. Apr. 21, 2021) (emphasis added). If the inmate is unsatisfied with the second response, he may then file suit in state or federal court. *Id.*

On October 8, 2021, McCaley submitted a grievance regarding the alleged shower assault, and just four days later, on October 12, 2021, he initiated this action. McCaley admits that he received no response from the ARP program prior to filing his complaint. McCaley's institutional records indicate that his grievance was received into the ARP program on October 20, 2021, *after* this action was commenced. Upon receipt, ARP Director Pennington sent McCaley a letter advising him to sign his ARP complaint for processing. Pennington sent McCaley another letter on November 22, 2021, again advising him that his complaint must be signed for processing. Subsequently thereafter, on December 2, 2021, McCaley's signed grievance was accepted into the ARP program and awaiting a First Step Response.

---

[1] This program has been approved by this Court in *Gates v. Collier*, GC 71-6-5-S-D (N.D. Miss. 1971) (order dated Feb. 15, 1994).

Based on this undisputed sequence of events, it is clear that McCaley never received a First Step Response and certainly not a Second Step Response prior to filing this action. Moreover, McCaley's act of simply filing a grievance before initiating this action is wholly insufficient to satisfy the exhaustion requirement. To be sure, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that submitting an initial grievance, without more, did not meet the exhaustion requirement)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 lawsuit where prisoner filed a grievance, but did not complete ARP grievance process prior to filing his lawsuit). In sum, the competent evidence before the Court shows that McCaley failed to properly exhaust his administrative remedies prior to filing this action.

Conclusion

Based on the foregoing discussion, the Court finds that the evidence set forth demonstrates that McCaley failed to exhaust his administrative remedies before filing the instant action. Accordingly, Defendants' motion for summary judgment [34] is **GRANTED**, and judgment will be entered in their favor. A separate final judgment in accordance with this Memorandum Opinion and Order will issue today.

**SO ORDERED**, this the 21st day of April, 2022.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**